UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MUNOZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. KIRAN TOOR, DR. V. MUNUNURI, DR. MONIVIRIN SON,<br><br>　　　　Defendants. | Case No. 1:20-cv-01201-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE ACTION[1]<br><br>14-DAY DEADLINE |

Plaintiff James Munoz is proceeding pro se and *in forma pauperis* (Doc. No. 5) in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action without prejudice for Plaintiff's failure to prosecute this action.

**BACKGROUND**

Plaintiff Munoz, a former state prisoner,[2] is proceeding pro se on his initial civil rights complaint under 42 U.S.C. § 1983 alleging four distinct medical deliberate indifference claims under the Eighth Amendment. (Doc. No. 1, "Complaint"). On March 6, 2023, the Court issued a screening order finding the Complaint contained misjoined claims and none of the four claims

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Plaintiff initiated this action while incarcerated but filed a change of address indicating he is no longer in jail. (Doc. No. 7).

1    stated a cognizable Eighth Amendment medical deliberate indifference claim.  (*See generally*
2    Doc. No. 9).  Plaintiff was given three options to exercise within twenty-one (21) days from
3    receipt of the March 6, 2023 Order: (1) file a First Amended Complaint ("FAC"); (2) file a notice
4    that he intends to stand on his initial complaint subject to the undersigned recommending the
5    district court dismiss for reasons stated in the March 6, 2023 Screening Order; or (3) file a notice
6    to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure
7    41(a)(1) because no defendant had yet been served.  (*Id*. at 10, ¶ 1).  The Court expressly warned
8    Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to
9    comply," the undersigned would "recommend the district court dismiss this action for Plaintiff's
10   failure to comply with this Court Order and prosecute this action."  (*Id*., ¶ 2).  The twenty-one
11   (21) day deadline has lapsed, and Plaintiff has not elected any of the three options or otherwise
12   moved for an extension of time.[3]  (*See generally* docket).

## APPLICABLE LAW AND ANALYSIS

### A. Legal Standard

15       Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
16   when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
17   order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
18   (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule
19   of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of
20   the Court may be grounds for the imposition by the Court of any and all sanctions … within the
21   inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control
22   their dockets" and, in exercising that power, may impose sanctions, including dismissal of an
23   action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A
24   court may dismiss an action based on a party's failure to prosecute an action, obey a court order,
25   or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
26   (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal*

---

[3] The undersigned further notes that as of the date of these Findings and Recommendations 35 days has passed.  Thus, Plaintiff was afforded more than sufficient time (an additional 14 days) to account for delay for mailing.  Further, as Plaintiff is no longer incarcerated, the mailbox rule does not apply.

2

*Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket if a plaintiff ceases to litigate his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,

"this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Notably, the Court has already screened the Complaint and found it failed to state a meritorious claim as plead.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's March 6, 2023 Screening Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* *prejudice*, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders and/or failure to prosecute this action.

////

////

4

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     April 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE