1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MUNOZ,                              Case No.  1:20-cv-01201-JLT-HBK (PC)

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS TO
                                               DISMISS CASE[1]
13        v.
                                               (Doc. No.  22)
14   KIRAN TOOR, M.D.,
                                               FOURTEEN-DAY OBJECTION PERIOD
15              Defendant.

16

17        Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Second

18   Amended Complaint.  (Doc. No. 22, "SAC").  For the reasons set forth below, the undersigned

19   recommends that the district court dismiss the SAC because it fails to state any cognizable

20   constitutional claim.

21                            **SCREENING REQUIREMENT**

22        Plaintiff commenced this action while in prison and is subject to the Prison Litigation

23   Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks

24   relief against a governmental entity, its officers, or its employees before directing service upon

25   any defendant. 28 U.S.C. § 1915A.  This requires the Court to identify any cognizable claims and

26   dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon

27   _____

28   [1]This matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Eastern District of
     California Local Rule 302 (E.D. Cal. 2022).

1 | which relief may be granted, or that seeks monetary relief from a defendant who is immune from

2 | such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3 |      At the screening stage, the Court accepts the factual allegations in the complaint as true,

4 | construes the complaint liberally, and resolves all doubts in the Plaintiff's favor.  *Jenkins v.*

5 | *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

6 | 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or

7 | unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

8 | 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

9 | basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

10 |      The Federal Rules of Civil Procedure require only that the complaint include "a short and

11 | plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

12 | Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

13 | factual detail to allow the court to reasonably infer that each named defendant is liable for the

14 | misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

15 | 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

16 | sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

17 | *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

18 | required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19 | statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

20 | to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

21 | 2009) (internal quotation marks and citation omitted).

22 |      The Court's review is limited to the complaint, exhibits attached, and materials

23 | incorporated into the complaint by reference, and matters of which the court may take judicial

24 | notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ.

25 | P. 10(c).  Thus, while the Court accepts the factual allegations in the complaint as true, it need not

26 | accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.

27 | *See Mullis v. United States Bankr.Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden*

28 | *State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187

2

1   (9th Cir. 2001).

2        If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro*

3   *se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action.

4   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of*

5   *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a *pro se*

6   litigant on how to cure the defects.  Such advice "would undermine district judges' role as

7   impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

8   1131 n.13.

9                    **BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

10        Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights

11   complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  On March 6, 2023, the undersigned screened

12   Plaintiff's Complaint, finding the Complaint failed to state a claim, noting the claims against

13   multiple medical providers were unrelated and improperly joined.  (Doc. No. 9 at 4-5).  On June

14   14, 2023, Plaintiff filed a First Amended Complaint.  (Doc. No. 17, "FAC").  On September 29,

15   2023, the undersigned screened the FAC and found that it failed to state a claim and that the

16   claims were again unrelated and improperly joined.  (*See* Doc. No. 21).  On November 1, 2023,

17   Plaintiff filed a Second Amended Complaint, which is the operative pleading in this matter.

18   (Doc. No. 22, "SAC").

19        Plaintiff attaches to the SAC two exhibits: (1) an excerpt from a health care grievance

20   submitted on January 5, 2020; and (2) a one-page "Discharge Summary" from St. Jude-Fullerton

21   dated December 12, 2016.  (*Id*. at 6-7).  The incidents giving rise to the SAC occurred at Valley

22   State Prison ("VSP") in Chowchilla, CA.  (*See generally id*.).  The SAC names as the sole

23   Defendant Kiran Toor, M.D.  (*Id*. at 1).  The following facts are presumed true at this stage of the

24   screening process.

25        In July 2019, Plaintiff arrived at VSP and "informed Dr. Toor of [his] serious medical

26   needs."  (*Id*. at 3).  Specifically, Plaintiff advised Dr. Toor of drug withdrawal symptoms he was

27   suffering and his need for specific dosages of diabetic insulin several times a day.  (*Id*.).  Plaintiff

28   also notes that he was in "extreme pain" due to a spinal injury that needed immediate attention

1    but does not indicate whether he advised Defendant Toor of this.  (*Id*.).  Dr. Toor "inform[ed]

2    [Plaintiff] he was a convicted felon and [as] such [his] request for medical attention would be

3    determined by the 'outcome data' not [Plaintiff's] statement."  (*Id*.).  The SAC does not specify

4    what medical treatment, if any, Dr. Toor provided or failed to provide to Plaintiff at the July 2019

5    appointment.

6         On August 21, 2019, Plaintiff was called to Defendant Toor's office.  Plaintiff provided

7    Defendant Toor with the discharge summary from St. Jude's Hospital (attached as an exhibit to

8    the SAC).  Plaintiff asserts that the discharge summary "clearly showed a number of life-

9    threatening medical conditions" and listed the specific dosages of insulin Plaintiff should be

10   receiving, as well as a prescription for 90 mg of Morphine per day for Plaintiff's spinal injury.[2]

11   Dr. Toor reviewed the medical records and handed them back to Plaintiff.  (*Id*. at 3).  The SAC

12   does not specify what medical treatment, if any, Dr. Toor provided or failed to provide, stating

13   only that Defendant Toor "chose to add to [Plaintiff's] suffering by going against the prescription

14   of a five person panel and decided to cripple [Plaintiff] permanently by assigning [him] to a life in

15   a wheelchair."  (*Id*. at 4).

16        The third incident involving Defendant Toor occurred on October 1, 2019.  The SAC

17   alleges Plaintiff "was no longer in control of [his] bowels, [experiencing] convulsions and

18   sweating profusely" and was unable to attend med call or eat.  (*Id*.).  Plaintiff was transported to

19   see Dr. Toor by staff.  (*Id*.).  Upon arriving, Defendant Toor's nurse asked Defendant Toor to

20   examine Plaintiff.  (*Id*.).  Defendant Toor was "hiding in his office in the back, instructing his

21   nurse 'just write anything, I will sign it.'"  (*Id*.).  Plaintiff alleges his "obvious and serious

22   medical conditions [were] left untreated" and Plaintiff was moved to the "very back cell of the

23   Administrative Segregation Unit" where he was unable to summon help and suffered "another

24

25   ───────────────

     [2] The Court notes that the "discharge summary" attached to Plaintiff's SAC lists several medical
26   conditions from which Plaintiff was suffering at the time of discharge in December 2016, including
     diabetes, hypertension, hypothyroidism, morbid obesity, chronic lower back pain, and chronic obstructive
27   pulmonary disease.  (Doc. No. 22 at 7).  As to Plaintiff's diabetes, the document indicates "insulin
     requiring" but does not specify a dosage, nor does it make any mention of a prescription for morphine in
28   relation to a spinal injury.  (*Id*.).  Notably, the document dates to nearly three years prior to Plaintiff's
     appointment with Dr. Toor.

1  cerebral stroke." (*Id*.).

2      As relief, Plaintiff seeks declaratory judgment, $2 million in compensatory damages, and

3  $500,000 in punitive damages, plus costs of suit.  (*Id*. at 5).

4                    **APPLICABLE LAW AND ANALYSIS**

5      **A.  Deliberate Medical Indifference**

6      Deliberate indifference to the serious medical needs of an incarcerated person constitutes

7  cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble,* 429

8  U.S. 97, 104 (1976).  To maintain an Eighth Amendment claim premised on prison medical

9  treatment, the prisoner must show that officials were deliberately indifferent to his medical needs.

10  A finding of "deliberate indifference" involves an examination of two elements: the seriousness

11  of the plaintiff's medical need (determined objectively) and the nature of the defendant's response

12  (determined by defendant's subjective state of mind).  *See McGuckin v. Smith,* 974 F.2d 1050,

13  1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d

14  1133, 1136 (9th Cir.1997) (en banc).  On the objective prong, a "serious" medical need exists if

15  the failure to treat "could result in further significant injury" or the "unnecessary and wanton

16  infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  On the subjective

17  prong, a prison official must know of and disregard a serious risk of harm.  *Farmer v. Brennan,*

18  511 U.S. 825, 837 (1994).  Such indifference may appear when a prison official intentionally

19  denies or delays care, or intentionally interferes with treatment once prescribed.  *Estelle,* 429 U.S.

20  at 104-05.

21      If, however, the official failed to recognize a risk to the plaintiff—that is, the official

22  "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth

23  Amendment.  *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in

24  original).  That is because deliberate indifference is a higher standard than medical malpractice.

25  Thus, a difference of opinion between medical professionals—or between the plaintiff and

26  defendant—generally does not amount to deliberate indifference.  *See Toguchi v. Chung*, 391

27  F.3d 1051, 1057 (9th Cir. 2004).  An argument that more should have been done to diagnose or

28  treat a condition generally reflects such differences of opinion and not deliberate indifference.

1    *Estelle*, 429 U.S. at 107.  To prevail on a claim involving choices between alternative courses of

2    treatment, a plaintiff must show that the chosen course "was medically unacceptable under the

3    circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's

4    health.  *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

5       Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429

6    U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d

7    1062, 1082 (9th Cir. 2013).  Misdiagnosis alone is not a basis for a claim of deliberate medical

8    indifference.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).  A delay in treatment,

9    without more, is likewise insufficient to state a claim.  *Shapley v. Nevada Bd. of State Prison*

10   *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  It is only when an official both <u>recognizes</u> and

11   <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists.  *Peralta v.*

12   *Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).  A plaintiff must also demonstrate harm

13   from the official's conduct.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  And the

14   defendant's actions must have been both an actual and proximate cause of this harm.  *Lemire*, 726

15   F.3d at 1074.

16       Liberally construed, the SAC asserts an Eighth Amendment deliberate indifference claim

17   as to each of his appointments with Defendant Toor.  The Court examines each of those incidents

18   in seriatim.

19            1.   <u>July 2019 Appointment</u>

20       The SAC alleges that on an unspecified date in July 2019, Plaintiff met with Defendant

21   Toor and apprised him of his serious medical conditions, including drug withdrawal symptoms,

22   diabetes, and "extreme pain" from a spinal injury.  (Doc. No. 22 at 3).  Dr. Toor "inform[ed]

23   [Plaintiff] he was a convicted felon and [as] such [his] request for medical attention would be

24   determined by the 'outcome data' not [Plaintiff's] statement."  (*Id*.).

25       Liberally construed, the SAC adequately alleges that Plaintiff was experiencing one or

26   more serious medical conditions when he saw Dr. Toor in July 2019.  At a minimum, "extreme

27   pain" from a spinal injury constitutes a serious medical need that, if not treated, could result in

28   further injury or unnecessary and wanton infliction of pain.  *Colwell*, 763 F.3d at 1066.  Thus, the

1    SAC alleges facts sufficient to satisfy the objective prong of the Eighth Amendment deliberate

2    medical indifference analysis.  The SAC does not allege facts, however, indicating that Defendant

3    Toor was deliberately indifferent to Plaintiff's medical needs, or that any action or inaction by

4    Toor resulted in harm to Plaintiff.  Indeed, the SAC does not allege any facts as to Defendant

5    Toor's treatment or failure to treat Plaintiff at the July 2019 appointment.  Accordingly, the SAC

6    fails to set forth facts sufficient to satisfy the second prong of the deliberate medical indifference

7    analysis and fails to state a claim based on the July 2019 appointment.

8                              2.   August 21, 2019 Appointment

9          As to the August 21, 2019 appointment with Defendant Toor, the SAC alleges that

10   Plaintiff presented Defendant Toor with a document from St. Jude's Hospital noting Plaintiff's

11   serious medical conditions and containing certain recommended medications.   (Doc. No. 22 at 3-

12   4).  As noted above, the exhibit attached to the SAC reflects that the document from St. Jude's

13   dates to nearly three years prior to August 21, 2019, contained only a vague reference to

14   Plaintiff's need for insulin to treat his diabetes, but did not contain any mention of morphine, as

15   Plaintiff contends.  (*See id*. at 7).  Thus, while Plaintiff had been diagnosed with various medical

16   conditions in December 12, 2016, it does not establish that Plaintiff was suffering from a serious

17   medical need at his appointment on August 21, 2019.  Therefore, the SAC fails to set forth facts

18   satisfying the objective prong of the deliberate medical indifference analysis.

19         Moreover, the SAC does not allege that Defendant Toor failed to prescribe Plaintiff with

20   any necessary medications or otherwise fail to treat his medical conditions.  The SAC contains

21   conclusory language implying that "[m]orphine withdrawal is a serious medical need" and

22   "[d]epriving plaintiff of a serious medical need 'Diabetic Insulin' subjecting plaintiff to medical

23   negligence of Diabetes Mellitus . . ."  (*Id*. at 4).  These statements do not make any mention of

24   Defendant Toor nor describe any actions or inactions that violated Plaintiff's constitutional rights.

25   The SAC's only factual assertion as to Defendant Toor's medical treatment is that he "assign[ed]

26   Plaintiff to a wheelchair" and "[went] against the prescription of a five person panel" through

27   some unspecified decision regarding Plaintiff's medical treatment.  (*Id*. at 4).

28         Even assuming Defendant Toor failed to follow the recommendations of another medical

professional regarding Plaintiff's medication, or that Plaintiff disagrees with Toor's recommendation that he use a wheelchair, a mere difference of medical opinion does not constitute deliberate medical indifference. *See Toguchi*, 391 F.3d at 1057.  Because the SAC fails to set forth any actions or inactions that reflected deliberate indifference to a serious medical need, it fails to state an Eighth Amendment deliberate medical indifference claim based on the August 21, 2019 appointment with Defendant Toor.

### 3. October 1, 2019 Appointment

As to the third appointment with Defendant Toor, the SAC alleges that Plaintiff had lost control of his bowels, was experiencing convulsions and sweating profusely.  (*Id*. at 4).  Liberally construed, Plaintiff was suffering from a serious medical condition sufficient to satisfy the objective prong of the deliberate medical indifference analysis.

As to the subjective prong, the SAC alleges Plaintiff was seen by Defendant Toor's nurse, and that Toor himself never examined Plaintiff.  (*Id*.).  Instead, Defendant Toor told the nurse, "just write anything.  I will sign it." (*Id*.).  The SAC does not allege any facts reflecting that Defendant Toor failed to provide treatment to Plaintiff, but instead asserts that Defendant Toor's instruction to the nurse "result[ed] in obvious and serious medical conditions [being] left untreated as well as being moved to very back cell of the [ASU]." (*Id*. at 4).  The conclusory allegation that Plaintiff's condition was "left untreated" is not supported by any facts.  Indeed, Defendant Toor's instruction to the nurse to "write anything" and he would approve it implies he did in fact treat or approve treatment for Plaintiff.

Notably, the allegation that Plaintiff's condition was "left untreated" on October 1, 2019 is inconsistent with his FAC, which states that Toor misdiagnosed Plaintiff with an infection and prescribed the wrong medication for Plaintiff.  (Doc. No. 17 at 4).  In general, an amended complaint supersedes an original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  However, where factual allegations in an amended complaint are inconsistent with facts alleged in a prior complaint, a court need not accept the new allegations as true. *See Azadpour v. Sun Microsys., Inc*., 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need

1    not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false

2    and sham.'") (citations omitted); *Ellingson v. Burlington Northern, Inc*., 653 F.2d 1327, 1329–30

3    (9th Cir. 1981) (authority to strike complaint allegations as false and sham pursuant to Federal

4    Rule of Civil Procedure 11). *See also Jones v. Bayer Healthcare LLC*, No. 08–2219 SC, 2009 WL

5    1186891, at *3 (N.D. Cal. May 4, 2009) (striking plaintiff's amended pleading because it was

6    factually inconsistent with plaintiff's previous complaint).

7          Further, as noted *supra*, the Court need not accept as true the factual allegations in the

8    SAC that contradict matters properly subject to judicial notice or by exhibit.  *See Mullis v. United*

9    *States Bankr.Ct.,* 828 F.2d at 1388; *Sprewell v. Golden State Warriors*, 266 F.3d at 988.  Plaintiff

10   attaches an excerpt from his healthcare grievance in which he states the nurse "co-consulted" with

11   his PCP on October 2, 2019[3] and ordered various testing, including a "(ILI) Power Plan," an

12   "(A/B) test," a "(CBC) test" and a (BMP) test" and concluded he had a viral infection because the

13   tests all came back negative.  (Doc. No. 22 at 6).  In his grievance, Plaintiff complains that Dr.

14   Toor "misdiagnosed" him at this appointment because he was later diagnosed with a bacterial

15   infection on October 3, 2019, despite the negative test results the day prior.  (*Id*.).  To the extent

16   Plaintiff alleges that Defendant Toor did nothing to treat his condition on October 1, 2019, the

17   Court declines to assume the truth of this assertion considering Plaintiff's prior sworn pleading

18   and his statements in his healthcare grievance, which are to the contrary.  And even if Defendant

19   Toor misdiagnosed Plaintiff's condition, while such conduct may rise to medical malpractice it is

20   insufficient to set forth an Eighth Amendment deliberate medical indifference claim.  *See*

21   *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

22         Nor do the allegations that Plaintiff's later suffered a stroke on an unspecified date while

23   in the ASU set forth a claim against Defendant Toor.  The SAC alleges no facts indicating that

24   Defendant Toor's actions or inactions resulted in Plaintiff's placement in a particular cell within

25   the ASU, nor establish Defendant Toor's responsibility for any failure to respond to Plaintiff's

26

27   [3] The grievance states Plaintiff was seen by the nurse who consulted with Dr. Toor on October 2, 2019.
      Although the SAC lists the date as October 1, 2019, given the factually similar allegations, the Court

28   considers the date in either the SAC or the medical grievance to be a scrivener error.

request for help while in the ASU after he experienced a stroke.  In sum, the conclusory assertion in the SAC that Defendant Toor caused him to suffer a stroke while in ASU and caused the failure to promptly respond to his needs is unsupported by any facts.  Thus, the SAC fails to state an Eighth Amendment claim based on that allegation.

**FINDINGS AND RECOMMENDATION**

Plaintiff has had multiple opportunities to cure the deficiencies in his initial complaint, including filing two amended complaints.  (*See* Doc. Nos. 17, 22).  In two prior screening orders, (Doc. Nos. 9, 21), the Court instructed Plaintiff on the applicable law and pleading requirements. Despite affording Plaintiff multiple opportunities to correct the deficiencies in his original Complaint, the SAC fails to adequately state any plausible § 1983 claim.  Thus, the undersigned finds it would be futile to permit Plaintiff to file a further amended complaint and recommends the district court dismiss the SAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is hereby **RECOMMENDED**:

The SAC be dismissed under § 1915A for failure to state a claim and the action be dismissed.

////

////

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    December 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

11