UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MUNOZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KIRAN TOOR, M.D.,<br><br>    Defendant. | Case No.  1:20-cv-01201-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>FOURTEEN DAY OBJECTION PERIOD<br><br>(Doc. No. 24) |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint, filed on December 14, 2023.[1]  (Doc. No. 24, "Motion to Amend").  For the reasons stated below, the undersigned and recommends the Motion to Amend be denied.

**BACKGROUND**

Plaintiff, a former state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  On March 6, 2023, the undersigned screened Plaintiff's Complaint, finding the Complaint failed to state a claim, noting the claims against multiple medical providers were unrelated and improperly joined.

---

[1] The undersigned will address Plaintiff's construed Motion for Extension of Time to file objections to the F&R to dismiss the case (Doc. No. 23) by separate order.

1  (Doc. No. 9 at 4-5).  On June 14, 2023, Plaintiff filed a First Amended Complaint.  (Doc. No. 17, "FAC").  On September 29, 2023, the undersigned screened the FAC and found that it failed to state a claim and that the claims were again unrelated and improperly joined.  (*See* Doc. No. 21).  On November 1, 2023, Plaintiff filed a Second Amended Complaint.  (Doc. No. 22, "SAC").

On December 1, 2023, the undersigned screened the SAC and issued a Findings and Recommendation to dismiss the case, finding that the SAC failed to state any cognizable claim and that further leave to amend would be futile.  (See Doc. No. 23).  On December 14, 2023, Plaintiff filed the present Motion for Leave to Amend.  (Doc. No. 24).  In it, Plaintiff requests a 10-week extension of time "to comply with prior medical appointment and file an Opposition to the Defendant [sic] Motion to Dismiss."  (*Id*. at 1).  Plaintiff notes that "[s]ince the filing of the Complaint [he] has been scheduled to attend numerous medical appointments and procedures. [He] did not receive the document from the Court until December 7, 2023."  (*Id*.).

**APPLICABLE LAW AND ANALYSIS**

**Motion to Amend**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ."  Fed. R. Civ. P. 15(a)(1).  For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend generally is inappropriate where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained.  *Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983).

Given that Plaintiff already filed a SAC, the undersigned construes Plaintiff as requesting to file a third amended complaint ("TAC").  Plaintiff does not provide a copy of his proposed third amended complaint and does not provide any explanation as to how his proposed amendments would cure the deficiencies of either his prior complaint.  He also mistakenly refers to a "Motion to Dismiss" which has not been filed.

In recommending dismissal of his case, the undersigned found that Plaintiff's SAC failed to allege a cognizable deliberate medical indifference claim against Defendant Toor.  (*Id*. at 5-9).

1  The SAC asserts that at three different appointments in 2019, Defendant Toor, a physician at
2  Valley State Prison, failed to provide Plaintiff with medical treatment to address his serious
3  medical needs.  (*See* Doc. No. 22 at 3-5).  However, the undersigned found that, as to the July and
4  August 2019 appointment, the SAC failed to plead any facts indicating what treatment Defendant
5  Toor provided or failed to provide, and thus failed to support Plaintiff's deliberate medical
6  indifference claim.  (Doc. No. 23 at 6-8).  As to the October 2019 appointment, the undersigned
7  found that Plaintiff failed to allege facts showing a causal connection between Defendant Toor's
8  actions or inactions and Plaintiff's injury.  (*Id*. at 8-10).  Absent an explanation from Plaintiff that
9  amending could remedy these serious deficiencies, the undersigned finds it would be futile and a
10 waste of judicial resources to permit Plaintiff to amend the SAC at this stage.  *Saul v. United*
11 *States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment
12 would be futile . . . or where the amended complaint would be subject to dismissal").  Because
13 Plaintiff has not articulated why amending the complaint would remedy the deficiencies of his
14 three prior filings, nor attached a proposed amended complaint permitting the Court to evaluate
15 the viability of his amendments, the undersigned recommends denying Plaintiff's Motion to
16 Amend.  *See Wolgin*, 722 F.2d at 394-95.

17  Nonetheless, the undersigned liberally construed the Motion to Amend (Doc. No. 24) to
18 incorporate a motion for extension of time to file objections to the pending Findings and
19 Recommendation issued on December 1, 2023, and granted Plaintiff an extension of time by
20 separate order.

21  Accordingly, it is hereby **RECOMMENDED**:
22  The district court deny Plaintiff's Motion to Amend.  (Doc. No. 24).

23  NOTICE TO PARTIES

24  These findings and recommendations will be submitted to the United States district judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
26 days after being served with these findings and recommendations, a party may file written
27 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     December 19, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE